UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CARLETON SCOTT ANDREW, ) <br> AFFORDABLE INTERIORS DIRECT, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> POWER MARKETING DIRECT, INC, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No.: 6:07-cv-4087-RBH <br><br><br><br><br> **ORDER** |

This matter is before the court on Defendant's [Docket Entry #6] motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure. For the reasons stated below, the court grants Defendant's motion.[1]

**Background**

This case involves a dispute between Defendant Power Marketing Direct, Inc. ("PMD"), a manufacturer of furniture and bedding, and Carleton Scott Andrew and his business, Affordable Interiors Direct, LLC (collectively referred to as "Andrew"). PMD licenses the use of its intellectual property to distributors who are authorized to sell PMD's product within certain territories.

Andrew alleges that PMD offers franchises or business opportunities in the furniture industry and that PMD offered to sell Andrew a franchise. Andrew further alleges that because the business opportunity offered by PMD constituted a franchise under the Federal Trade Commission Regulations ("FTC regulations") and/or a business opportunity under S.C.

---

[1] Pursuant to Local Rule of Civil Procedure 7.08, the district court may determine motions without a hearing. The court believes that the issues presented have been adequately briefed by the parties.

Code Ann. § 39-57-10, PMD was required by the Federal Trade Commission Regulations, 16 C.F.R. § 436 *et seq.*, and/or S.C. Code Ann. § 39-57-30 to provide certain disclosure documents before Andrew purchased the alleged franchise.[2]  Andrew alleges that PMD's failure to provide the disclosure documents constitutes a violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq.*, and the South Carolina Business Opportunity Sales Act, S.C. Code Ann. §§ 39-57-10 *et seq*.

On November 16, 2006, the parties entered into a License and Dealer Agreement ("Agreement") which contained the following forum selection clause:

> **26.     Choice of Law and Forum**:  The Licensor and the Licensee agree that the laws of the State of Ohio shall govern this Agreement.  Further, the Licensee and the Licensor each agree that any action, claim or demand arising under or as a result of this Agreement shall be filed in the Common Pleas Court of Franklin County, Ohio, and the Licensee hereby agrees and consents to the jurisdiction of the Franklin County Court of Common Pleas as to any dispute involving the parties' business relationship, including personal jurisdiction over Licensee and subject matter jurisdiction over the dispute.

Andrew filed the instant action in the Greenville County Court of Common Pleas alleging three causes of action: 1) a violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq.*; 2) the South Carolina Business Opportunity Sales Act, S.C. Code Ann. §§ 39-57-10 *et seq.*; and 3) Rescission of the Agreement.  PMD removed the case to this court and now seeks to dismiss based on improper venue in light of the forum selection clause contained in the Agreement.

## Discussion

---

[2]     The parties dispute whether their business relationship constituted a franchisor/franchisee relationship.

A forum selection clause is *prima facie* valid and enforceable when it is the result of an arm's length transaction by sophisticated business entities absent some compelling and countervailing reason. *Atlantic Floor Servs., Inc. v. Wal-Mart Stores, Inc.*, 334 F. Supp. 2d 875, 877 (D.S.C. 2004); *see also, Consolidated Insured Benefits, Inc. v. Conseco Med. Ins. Co.*, C.A. No. 6:03-3211-RBH, 2006 WL 2864425 (D.S.C. Oct. 4, 2006).  Forum selection clauses should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Atlantic Floor*, 334 F. Supp. 2d at 877.  Forum selection clauses may be considered unreasonable if: 1) their formation was induced by fraud or overreaching; 2) the complaining party will essentially be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; 3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or 4) their enforcement would contravene a strong public policy of the forum state. *Id*.

Andrew argues against dismissal contending that: 1) dismissal of the action will deprive Andrew of his claim for statutory rescission under the South Carolina Business Opportunity Sales Act because the statute of limitations will have expired; and 2) the choice of law and venue selection provisions were obtained by fraud.

As to Andrew's first claim, that dismissal will deprive Andrew of one of his causes of action, statutory rescission under the South Carolina Business Opportunity Sales Act, because of the statute of limitations, PMD has represented to the court that it will waive any statute of limitations defense available to it with respect to any claim Andrew might bring in Ohio court under the South Carolina Business Opportunity Sales Act and that such waiver is permissible under Ohio law. *See* [Memo in Support of Motion to Dismiss, at pg. 2-3, Docket Entry #15].

Thus, dismissal will not deprive Andrew of his statutory rescission claim because of the statute of limitations.[3]

Regarding Andrew's claim that the choice of law and forum selection clause was obtained by fraud, there is insufficient evidence to support such an allegation. Specifically, Andrew argues that under the FTC regulations PMD was required to provide certain disclosure documents including a conspicuous disclosure of the forum selection clause.[4] Andrew argues that because those required documents were fraudulently withheld, the forum selection clause contained in the Agreement is unenforceable on the basis of fraud.

The mere fact that a case is based upon or contains allegations of fraud does not render a forum selection clause unenforceable. *Tetrev v. Pride Int'l, Inc.*, 444 F. Supp. 2d 524, 530 (D.S.C. 2006). In order to avoid the operation of a forum selection clause on the basis of fraud, the party resisting the clause must establish that the clause itself, as opposed to the contract as a whole, was the product of fraud. *Tetrev*, 444 F. Supp. 2d at 530. Despite Andrew's general allegations of fraud, Andrew has failed to establish that the forum selection clause contained in the Agreement executed by the parties was the product of fraud.

The clause at issue was clearly set forth in paragraph 26 of the Agreement, which was signed by Andrew on November 16, 2006. "A person signing a document is responsible for

---

[3]   Of course, if PMD goes back on its word as to the waiver of the statute of limitations defense, Andrew would be entitled to, and this court would be inclined to grant, relief from this Order under Fed. R. Civ. P. 60(b)(6).

[4]   Neither side has pointed to a specific FTC regulation that sets forth a conspicuous disclosure requirement for forum selection clauses in franchisor/franchisee relationships. Although Andrew references 16 C.F.R. § 436.1(a) in its brief, current and prior versions of that section do not appear to reference any requirement with regard to forum selection clauses. Andrew directs the court to guidelines of the North American Securities Administrators ("NASAA") and a Franchise Offering Circular form provided by NASAA, but adherence to the NASAA form and guidelines do not appear to be required by any specific FTC regulation.

reading the document and making sure of its contents.  Every contracting party owes a duty to the other party to the contract and to the public to learn the contents of a document before he signs it." *Regions Bank v. Schmauch*, 582 S.E.2d 432, 440 (S.C. Ct. App. 2003).  Because Andrew is charged with the duty of reading the Agreement and making sure of its contents before signing, he cannot now contend that he was unaware of the choice of law and forum selection clause.

In conclusion, the court finds that the choice of law and forum selection clause was the result of an arm's length transaction by two sophisticated business entities.[5]  Andrew has failed to establish that the clause is unreasonable.  Accordingly, the court finds the choice of law and forum selection clause at issue to be valid and enforceable.  As a result, venue in the United States District Court for the District of South Carolina is improper.  This case is due to be dismissed for Andrew to re-file in the Court of Common Pleas for Franklin County, Ohio.

## Conclusion

For the reasons stated above, PMD's [Docket Entry #6] motion to dismiss for improper venue is **GRANTED**.  This case is hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED**.


Florence, SC                                                                        s/ R. Bryan Harwell
September 29, 2008                                                          R. Bryan Harwell
                                                                                          United States District Judge

---

[5] No one disputes the proposition that Andrew and PMD are sophisticated business entities.